**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

R.A JONES & CO.,

        Plaintiff,

  v.

JLS AUTOMATION, LLC,

        Defendant.

C.A. No. 26-_____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff R.A Jones & Co. ("RA Jones"), for its Complaint for Declaratory Judgment against Defendant JLS Automation, LLC. ("JLS"), alleges as follows:

### Nature of the Action

1.  This is an action for declaratory judgment of non-infringement and invalidity of a United States patent. It is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

### The Parties

2.  RA Jones is a Delaware limited liability company with a principal place of business at 2701 Crescent Springs Pike, Covington, KY 41017.

3.  On information and belief, JLS is a Delaware corporation with a principal place of business at 20 Innovation Dr, York, PA 17402.

**JLS's Allegations Of Infringement Against RA Jones**

4.      Through an email dated April 11, 2025 from Mr. Craig Souser, JLS notified RA Jones that JLS was the owner of U.S. Patent No. 11,273,944 ("the '944 patent").  A true and correct copy of the '944 Patent is attached as **Exhibit A**.

5.      Mr. Craig Souser is the President of JLS, and was at the time of the April 11, 2025 email.

6.      Through a letter dated May 14, 2025, from counsel for RA Jones, RA Jones notified JLS that RA Jones asserts that RA Jones does not infringe the '944 patent.  For example, RA Jones notified JLS that RA Jones asserts that the RA Jones Celestion MTX cartoning system does not infringe the '944 patent.

7.      Through a letter dated June 13, 2025 from counsel for JLS, JLS notified RA Jones that JLS asserts that the RA Jones Celestion MTX meets all of the limitations of Claim 1 of the '944 patent, and did so through a claim chart purportedly mapping all of the limitations of Claim 1 of the '944 patent to the RA Jones Celestion MTX.  The June 13, 2025 letter indicates that counsel for JLS have evaluated infringement under both literal infringement and the doctrine of equivalents.

8.      In August 2025, counsel for JLS and counsel for RA Jones participated in a conference call whereby JLS's assertion of infringement of the '944 patent by the RA Jones Celestion MTX was discussed.  JLS asserted that the RA Jones Celestion MTX meets all of the limitations of Claim 1 of the '944 patent and infringed the '944 patent.  RA Jones asserted that the RA Jones Celestion MTX did not meet all of the limitations of Claim 1 of the '944 patent and did not infringe the '944 patent.

9.      Through a letter dated September 3, 2025 from counsel for JLS, JLS notified RA Jones that JLS had previously asserted in its June 13, 2025 letter that the RA Jones Celestion

MTX meets all of the limitations of Claim 1 of the '944 patent, and had done so through a claim chart purportedly mapping all of the limitations of Claim 1 of the '944 patent to the RA Jones Celestion MTX.  The September 3, 2025 letter states that "[t]he Celestion MTX infringes claim 1 of the '944 patent, either literally or, at minimum, under the doctrine of equivalents."

10.    RA Jones has not infringed and does not infringe any valid claims of the '944 patent.  And, RA Jones has asserted to JLS that RA Jones has not infringed and does not infringe any valid claims of the '944 patent.

11.    JLS has repeatedly asserted that RA Jones has infringed and does infringe the '944 patent, both literally and under the doctrine of equivalents.

12.    JLS's conduct constitutes a direct threat against RA Jones that RA Jones has infringed the '944 patent.

13.    As of the filing of this Complaint, JLS has not withdrawn its repeated assertions that RA Jones has infringed and does infringe the '944 patent.  As of the filing of this Complaint, JLS has not withdrawn its repeated assertions that RA Jones has infringed and does infringe the '944 patent, literally and under the doctrine of equivalents.

14.    The assertions of RA Jones and JLS provide a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Jurisdiction and Venue**

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*  JLS purports to be the owner of all rights to the '944 patent.  JLS has repeatedly asserted that RA Jones has infringed and does infringe the '944 patent, literally and under the doctrine of equivalents.  RA Jones has not infringed and does not infringe any valid claims of the '944 patent, and RA Jones

3

has asserted to JLS that RA Jones has not infringed and does not infringe any valid claims of the '944 patent.

16.     A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

17.     This Court has personal jurisdiction over JLS in this action as JLS is a corporation organized under and subject to the laws of Delaware.

18.     This Court also has personal jurisdiction over JLS as JLS has contacts with this forum sufficient to satisfy specific and general jurisdiction under the Delaware Long-Arm Statute (10 Del. C. § 3104(c)) and the Due Process Clause. In addition to being incorporated in Delaware, JLS does substantial business in Delaware and, on information and belief, sells substantial products in Delaware.

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### Count One
### Declaratory Judgment of Non-Infringement of the '944 Patent

20.     RA Jones incorporates by reference the allegations set forth in paragraphs 1-19 above as if fully set forth herein.

21.     RA Jones has not infringed and does not infringe any valid and enforceable claim of the '944 patent.

22.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

23.     A judicial declaration is necessary and appropriate so that RA Jones may

ascertain its rights with respect to the '944 patent.

## Count Two
### Declaratory Judgment of Invalidity of the '944 Patent

24.    RA Jones incorporates by reference the allegations set forth in paragraphs 1-23 above as if fully set forth herein.

25.    The '944 patent is invalid for failure to meet the conditions of patentability or otherwise comply with the provisions of one or more of 35 U.S.C. § 100 *et seq*.

26.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

27.    A judicial declaration is necessary and appropriate so that RA Jones may ascertain its rights with respect to the '944 patent.

## Prayer for Relief

WHEREFORE, RA Jones prays for judgment as follows:

A.    a declaration that RA Jones has not infringed and does not infringe any claim of the '944 patent;

B.    a declaration that the claim of the '944 patent is invalid;

C.    a finding that this case is an exceptional case, and awarding RA Jones its attorneys' fees pursuant to 35 U.S.C. § 285;

D.    an award to RA Jones of its costs and expenses; and

E.    such further and other relief as this Court deems just and equitable.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RA Jones hereby demands a trial by jury for all issues so triable.

Dated: June 17, 2026

*Of Counsel:*

Brett A. Schatz
**WOOD, HERRON, & EVANS, L.L.P**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 241-2324
bschatz@whe-law.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff R.A Jones & Co.*

6