**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| R.A JONES & CO., Plaintiff, v. JLS AUTOMATION, LLC, Defendant. | ) | C.A. No. 26-711-MN |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

The Defendant, JLS Automation, LLC ("JLS" or "Defendant"), hereby answers the Complaint filed by the Plaintiff, R.A. Jones & Co. ("R.A. Jones" or "Plaintiff") as follows:

### Nature of the Action

1. This paragraph is a statement of R.A. Jones's legal theory and, therefore, no answer is required. To the extent a response is deemed required, JLS denies that R.A. Jones is entitled to the relief it seeks in its Complaint.

### The Parties

2. Admitted upon information and belief.

3. Denied. JLS is a Delaware limited liability company with a principal place of business at 20 Innovation Drive, York, Pennsylvania, 17402.

### As to JLS's Allegations of Infringement Against R.A. Jones

4. Admitted in part and denied in part. It is admitted that JLS is the owner of U.S. Patent No. 11,273,944 (the "'944 Patent"). The referenced email is a writing that speaks for itself and any characterizations contrary thereto are denied.

5. Admitted.

6. Admitted in part and denied in part. It is admitted that JLS received a May 14, 2025 letter from counsel for R.A. Jones. The referenced letter is a writing that speaks for itself and any characterizations contrary thereto are denied.

7. Admitted that JLS, through counsel, sent R.A. Jones a June 13, 2025 letter and claim chart asserting that the Celestion MTX meets all limitations of Claim 1 of the ’944 Patent and evaluating infringement under literal infringement and the doctrine of equivalents. Any remaining characterization of the June 13, 2025 correspondence is denied.

8. Admitted that counsel for JLS and R.A. Jones participated in a conference call in August 2025. Admitted that JLS asserted during that call that the Celestion MTX meets all limitations of Claim 1 of the ’944 Patent and infringes the ’944 Patent. Denied that the Celestion MTX does not infringe. Any remaining characterization of the discussion is denied.

9. Admitted that JLS, through counsel, sent a September 3, 2025 letter to R.A. Jones stating that the Celestion MTX infringes Claim 1 of the ’944 Patent, either literally or, at minimum, under the doctrine of equivalents. Any remaining characterization of that letter is denied.

10. Admitted that R.A. Jones has asserted that it has not infringed and does not infringe any valid claim of the ’944 Patent. The allegation that R.A. Jones has not infringed or does not infringe is denied.

11. Admitted in part and denied in part. It is admitted that JLS asserted that R.A. Jones infringes on the ’944 Patent. The remaining allegations of this paragraph constitute conclusions of law which require no response and are deemed denied.

12. Admitted that JLS has asserted that R.A. Jones infringes the ’944 Patent, both literally and under the doctrine of equivalents.

13. Admitted.

14. Admitted that an actual and substantial controversy exists between the parties concerning infringement and validity of the ’944 Patent. JLS denies that R.A. Jones is entitled to the declaratory relief it seeks.

**As to Jurisdiction and Venue**

15. Admitted in part and denied in part. JLS admits that this Court has subject matter jurisdiction over actions for patent infringement that arise under the federal patent laws of the United States. The remaining allegations of this paragraph are denied as they constitute conclusions of law to which no response is required.

16. Admitted.

17. Admitted that this Court has personal jurisdiction over JLS. JLS is a Delaware limited liability company, not a corporation.

18. Admitted that this Court has personal jurisdiction over JLS. JLS denies any remaining allegations to the extent a response is required.

19. Admitted.

**As to Count One**
**Declaratory Judgment of Non-Infringement of the ’944 Patent**

20. JLS incorporates by reference its responses to the foregoing paragraphs as if more fully set forth herein.

21. Denied.

22. Admitted that an actual controversy exists. JLS denies that R.A. Jones is entitled to a declaration of noninfringement.

23. Denied.

**As to Count Two**
**Declaratory Judgment of Invalidity of the ’944 Patent**

24. JLS incorporates by reference its responses to the foregoing paragraphs as if more fully set forth herein.

25. Denied.

26. Admitted that an actual controversy exists. JLS denies that R.A. Jones is entitled to a declaration of invalidity.

27. Denied.

**As to R.A. Jones’s Prayer for Relief**

To the extent any response is required to the Prayer for Relief in paragraphs A through E, JLS denies that R.A. Jones is entitled to any relief.

**As to R.A. Jones’s Demand for Jury Trial**

JLS likewise demands a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Defendant pleads:

**FIRST DEFENSE**
**(R.A. JONES CANNOT PROVE EXCEPTIONAL CASE)**

R.A. Jones cannot prove that this is an exceptional case justifying an award of attorney fees, costs, and expenses against JLS pursuant to 35 U.S.C. § 285.

**SECOND DEFENSE**
**(FAILURE TO STATE A CLAIM AS TO INVALIDITY)**

Count Two of the Complaint fails to state a claim for declaratory judgment of invalidity because it alleges only that the ’944 Patent is invalid under one or more unspecified provisions of Title 35 without identifying a statutory basis or supporting facts.

## JLS'S COUNTERCLAIM

1. Defendant and Counter-Plaintiff, JLS Automation, LLC, based on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges the following Counterclaim against Plaintiff and Counter-Defendant, R.A. Jones & Co.

2. JLS hereby incorporates its responses to the allegation in R.A. Jones' Complaint (as set forth in paragraphs 1 through 27 above) and its affirmative defenses (as set forth above) as though fully set forth herein.

## INTRODUCTION

3. This is an action for patent infringement under the Patent Act (35 U.S.C. § 271 et seq.).

## PARTIES

4. R.A. Jones is a Delaware limited liability company with a principal place of business at 2701 Crescent Springs Pike, Covington, KY 41017.

5. JLS is a Delaware limited liability company with a principal place of business at 20 Innovation Drive, York, PA 17402.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because they arise under federal patent law.

7. R.A. Jones has submitted to the personal jurisdiction of this Court by filing the Complaint and invoking this Court's jurisdiction with respect to the same patent controversy that forms the basis of JLS's Counterclaim. The Counterclaim arises directly from the same

transactions, communications, accused product, and ’944 Patent placed at issue by R.A. Jones in the Complaint.

8. Venue is proper with respect to JLS’s Counterclaims because R.A. Jones selected this District as the forum for the underlying declaratory judgment action.

9. Accordingly, R.A. Jones cannot object to this Court adjudicating JLS’s Counterclaim arising from the same controversy.

## JLS’S PATENTS

10. In business for more than 70 years, JLS is a leading automation company that, among other things, designs and manufactures hygienic robotic packaging systems for the food industry.

11. JLS has invested substantial time, money, and effort in developing its patented systems and obtaining patent protection for those inventions in the United States.

12. JLS is the lawful owner of all right, title, and interest in the ’944 Patent. A copy of the ’944 Patent is attached hereto as Exhibit “A.”

## R.A. JONES’S UNLAWFUL CONDUCT

13. R.A. Jones has made, used, offered to sell, sold, imported, promoted, and distributed packaging systems including, without limitation, its Celestion MTX system (the “Accused Product”).

14. The Accused Product is R.A. Jones’s Celestion MTX Top Load Cartoning System, which includes a container-forming assembly, shuttle transport system, and robotic product-loading assembly.

15. Based on R.A. Jones’s publicly available product materials, including its website, product videos, images, and information exchanged between the parties, JLS has a good faith basis

to allege, upon information and belief, that the Accused Product practices each limitation of Claim 1 of the ’944 Patent.

16. On June 13, 2025, JLS, through their counsel, Provided R.A. Jones with a detailed infringement letter and claim chart mapping the limitations of Claim 1 of the ’944 Patent to the Accused Product and explaining JLS’s infringement position under both literal infringement and the doctrine of equivalents.

17. Despite receiving actual notice of infringement of the ’944 Patent, R.A. Jones continued to manufacture, use, sell, offer for sale, import, promote, and distribute the Accused Product.

18. On June 17, 2026, R.A. Jones filed the instant Complaint seeking declaratory judgment of the noninfringement and invalidity of the ’944 Patent.

19. As reflected in the claims chart attached as Exhibit “B” to this pleading, the Accused Product satisfies all limitations of at least Claim 1 of the ’944 Patent.

20. R.A. Jones received actual notice of JLS’s infringement position no later than June 13, 2025, when JLS provided its detailed infringement letter and claim chart, and R.A. Jones thereafter continued its commercial activities involving the Accused Product. Upon information and belief, R.A. Jones’s continued infringement after actual notice has been deliberate and in disregard of JLS’s patent rights.

**COUNT ONE – PATENT INFRINGEMENT OF U.S. PATENT NO. 11,273,944 CLAIM 1 (35 U.S.C. § 271)**

21. JLS incorporates by reference the above paragraphs as though set forth more fully herein.

22. R.A. Jones has directly infringed and continues to directly infringe at least Claim 1 of the ’944 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, importing, and distributing the Accused Product.

23. The Accused Product meets every limitation of at least claim 1 of the ’944 Patent, either literally or under the doctrine of equivalents.

24. The claim chart attached to this pleading as Exhibit “B” sets forth in detail how the Accused Product corresponds to each and every limitation of Claim 1 of the ’944 Patent.

25. R.A. Jones has continued its infringing conduct after receiving actual notice of the ’944 Patent and JLS’s detailed infringement position.

26. Upon information and belief, R.A. Jones’s infringement after actual notice has been willful, deliberate, and intentional.

27. By reason of R.A. Jones’s infringement of the ’944 Patent, JLS has suffered damages in an amount to be determined at trial including damages adequate to compensate JLS for R.A. Jones’s infringement together with any enhanced damages authorized by law.

28. JLS and R.A. Jones compete in the market for automated packaging systems. R.A. Jones’s continued infringement threatens ongoing competitive harm to JLS that may not be fully compensable through monetary damages alone. JLS therefore seeks injunctive relief under 35 U.S.C. 283 to the extent supported by evidence and equitable factors established in this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, JLS hereby demands a jury trial.

**PRAYER FOR RELIEF**

JLS respectfully requests a judgment in its favor and against R.A. Jones together with the following relief:

a. A finding that R.A. Jones has infringed Claim 1 of U.S. Patent No. 11,273,944;

b. Judgment in favor of JLS and against R.A. Jones on R.A. Jones' declaratory judgment claim on invalidity;

c. Enter a permanent injunction, as warranted under 35 U.S.C. § 283, barring R.A. Jones from further infringement;

d. Award damages adequate to compensate JLS from infringement, together with enhanced damages for willful infringement under 35 U.S.C. § 284;

e. Award attorneys' fees and costs under 35 U.S.C. § 285; and

f. Grant any additional relief as the Court deems just and proper.

Dated: August 17, 2026

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

/s/ Stephanie S. Riley
Stephanie S. Riley (#5803)
Andrew M. Moshos (#6685)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
(302) 252-4320
stephanie.riley@wbd-us.com
andy.moshos@wbd-us.com

*Counsel for Defendant JLS Automation, LLC*

*Of Counsel:*

Justin Tomevi (*pro hac* forthcoming)
BARLEY SNYDER
100 East Market Street
York, PA 17401
(717) 852-4977
JTomevi@barley.com

Joseph R. Falcon, III (*pro hac* forthcoming)
Steven J. Link (*pro hac* forthcoming)
BARLEY SNYDER
2 Great Valley Parkway, Suite 110
Malvern, PA 19355
(610) 889-3699
JFalcon@barley.com
SLink@barley.com

Thad M. Gelsinger (*pro hac* forthcoming)

BARLEY SNYDER
2755 Century Boulevard
Wyomissing, PA 19610
(610) 370-3500
TGelsinger@barley.com