**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| R.A JONES & CO.,<br>Plaintiff,<br>v.<br>JLS AUTOMATION, LLC,<br>Defendant. | C.A. No. 26-711-MN<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF'S ANSWER TO COUNTERCLAIM

Plaintiff R.A Jones & Co. ("RA Jones") hereby answers Defendant JLS Automation, LLC's ("JLS") Counterclaim, as follows:

1. Paragraph 1 of the Counterclaim recites JLS's allegations and RA Jones admits that JLS makes such allegations in its Counterclaim. The remaining allegations of Paragraph 1 of the Counterclaim are denied.

2. Paragraph 2 of the Counterclaim recites that JLS incorporates its responses and affirmative defenses and RA Jones admits that JLS has made such a recitation. The remaining allegations of Paragraph 2 of the Counterclaim are denied.

## Introduction

3. Admitted.

## Parties

4. Admitted.

5. RA Jones is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Counterclaim and, therefore, denies such allegations.

**Jurisdiction and Venue**

6. Admitted.

7. Admitted.

8. Admitted.

9. In response to Paragraph 9 of the Counterclaim, RA Jones does not object to this Court adjudicating the Counterclaim. The remaining allegations of Paragraph 9 of the Counterclaim are denied.

**JLS's Patents**

10. RA Jones is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Counterclaim and, therefore, denies such allegations.

11. RA Jones is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Counterclaim and, therefore, denies such allegations.

12. RA Jones is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Counterclaim and, therefore, denies such allegations.

**RA Jones's Allegedly Unlawful Conduct**

13. In response to Paragraph 13 of the Counterclaim, RA Jones admits that has made, offered to sell, sold, and promoted packaging systems. RA Jones also admits that one of its products is the Accused Product. The remaining allegations of Paragraph 13 of the Counterclaim are denied.

14. In response to Paragraph 14 of the Counterclaim, RA Jones admits that the Accused Product is the Celestion MTX system. The remaining allegations of Paragraph 14 of the Counterclaim are denied.

15. Denied.

16. In response to Paragraph 16 of the Counterclaim, RA Jones admits that through its counsel, JLS provided RA Jones with a letter alleging infringement. The remaining allegations of Paragraph 16 of the Counterclaim are denied.

17. In response to Paragraph 17 of the Counterclaim, RA Jones admits that RA Jones offers for sale and promotes the Accused Product. RA Jones denies that it received actual notice of infringement and also denies the remaining allegations of Paragraph 17 of the Counterclaim.

18. Admitted.

19. Denied.

20. Denied.

**<u>Count One</u>**

21. RA Jones incorporates by reference the above paragraphs as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## **Affirmative Defenses**

### First Affirmative Defense

RA Jones does not make, use, test, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any product that infringes any valid or enforceable claim of the asserted patent, either directly or indirectly, literally or through the doctrine of equivalents, or otherwise.

### Second Affirmative Defense

The asserted claims of the asserted patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 102, 103, 112, and/or 116.

### Third Affirmative Defense

To the extent that JLS, its predecessors, or licensees of the asserted patent failed to comply with the marking requirements set forth in 35 U.S.C. § 287, the relief sought by JLS is barred, in whole or in part.

### Fourth Affirmative Defense

Prosecution history estoppel resulting from claim modifications and arguments made by the Applicant during prosecution prevents recapture of claim scope and application of the asserted patent claims to the Accused Product, including by way of the doctrine of equivalents.

## Prayer for Relief

WHEREFORE, RA Jones prays for judgment as follows:

A. a declaration that RA Jones has not infringed and does not infringe any claim of the '944 patent;

B. a declaration that the claims of the '944 patent are invalid;

C. a finding that this case is an exceptional case, and an award to RA Jones of its attorneys' fees pursuant to 35 U.S.C. § 285;

D. an award to RA Jones of its costs and expenses; and

E. such further and other relief as this Court deems just and equitable.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RA Jones hereby demands a trial by jury for all issues so triable.

Dated: September 4, 2026

*Of Counsel:*

Brett A. Schatz
**WOOD, HERRON, & EVANS, L.L.P**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 241-2324
bschatz@whe-law.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff R.A Jones & Co.*